IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

VICKI DORROUGH, individually, and as      )
Special Administrator of the ESTATE OF    )
MATTHEW DORROUGH, Deceased,               )
                                          )
            Plaintiff,                    )
                                          )
vs.                                       )        Case No. CIV-14-1389-D
                                          )
THE GEO GROUP, INC., a Florida            )
Corporation, d/b/a LAWTON                 )
CORRECTIONAL FACILITY, *et al.*,          )
                                          )
            Defendants.                   )

# O R D E R

Before the Court is Defendant The GEO Group, Inc.'s Motion to Dismiss Plaintiff's

Second Amended Petition, filed in state court pursuant to Okla. Stat. tit. 12, § 2012(B)(1) and

(B)(6), but governed following removal of the case by Fed. R. Civ. P. 12(b)(1) and (b)(6).

*See* Fed. R. Civ. P. 81(c)(1). The Motion appears in the case record as an attachment to the

Notice of Pending Motions [Doc. No. 13-4], and incorporates a prior motion [Doc. No. 13-1].

Plaintiff Vicki Dorrough, individually and as special administrator of the Estate of Matthew

Dorrough, deceased,[1] has filed a response brief [Doc. No. 15] and incorporated a prior

response [Doc. No. 13-2]. The Motion is fully briefed.[2]

---

[1] Vicki Dorrough is Matthew Dorrough's mother.

[2] GEO filed a reply brief in redacted form [Doc. No. 21] and under seal [Doc. No. 24] because it
contained information subject to a protective order. Plaintiff filed an authorized surreply brief [Doc. No. 28].
To the extent these briefs present factual matters regarding a time bar defense governed by Rule 12(b)(6),
they are not considered. *See* Order 6/25/15 [Doc. No. 35].

This case concerns the death of Matthew Dorrough on February 21, 2012, at the hands of a fellow inmate at a private prison operated by The GEO Group, Inc. ("GEO") under contract with the Oklahoma Department of Corrections ("DOC"). On February 8, 2013, Plaintiff commenced a wrongful death action in the District Court of Comanche County, Oklahoma, against the perpetrator, Joseph Palone, seeking damages recoverable under Okla. Stat. tit. 12, § 1053. Plaintiff added GEO as a defendant by an amended pleading filed June 18, 2013, asserting common law negligence claims against GEO under theories of *respondeat superior* liability for the conduct of its employees, negligent operation of the prison facility, and negligence *per se*.[3] On August 6, 2014, GEO moved to dismiss for lack of jurisdiction due to Plaintiff's alleged noncompliance with the Governmental Tort Claims Act ("GTCA"), Okla. Stat. tit. 51, §§ 151-172. In November 2014, Plaintiff was permitted to amend her pleading a second time, adding a civil rights claim against GEO under 42 U.S.C. § 1983 and state constitutional claims authorized by *Bosh v. Cherokee County Building Authority*, 305 P.3d 994 (Okla. 2013).[4] GEO again moved to dismiss, and then removed the action to federal court based on subject matter jurisdiction under 28 U.S.C. § 1331.

---

[3] The amended pleading also named GEO as a defendant on the wrongful death claim, but the only alleged basis of GEO's liability was negligence.

[4] In *Bosh*, the Oklahoma Supreme Court recognized a private right of action arising under the Oklahoma Constitution, notwithstanding the GTCA. *See Bosh*, 305 P.3d at 1001. The court also held that its decision would apply retroactively and, unlike § 1983 claims, the common law doctrine of *respondeat superior* could be used to establish municipal liability. *See id.* at 1003, 1004.

# I. Plaintiff's Civil Rights Action

Although numerous issues are raised by the Motion, a potentially dispositive issue regarding Plaintiff's § 1983 claim is whether it is time barred. The Court addresses this issue as a preliminary matter because "[i]f federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of [supplemental] jurisdiction." *See Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997) (internal quotation omitted); *see also Brooks v. Gaenzle*, 614 F.3d 1213, 1229-30 (10th Cir. 2010); 28 U.S.C. § 1367(c)(3).

The parties agree that the statute of limitations applicable to Plaintiff's § 1983 claim is borrowed from state law, and is the two-year period of Okla. Stat. tit. 12, § 95(A)(3). *See Meade v. Grubbs*, 841 F.2d 1512, 1522-24 (10th Cir. 1988); *see also Wilson v. Garcia*, 471 U.S. 261, 280 (1985). They also agree that federal law governs issues related to the accrual of a § 1983 claim. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law"). The parties disagree on when Plaintiff's claim accrued. Plaintiff proposes a date in February 2013 when she first obtained a copy of a confidential investigative report prepared by DOC's Office of Internal Affairs (the "IA Report") regarding Mr. Dorrough's death. Plaintiff received the IA Report from the Comanche County District Attorney's Office in

response to a subpoena issued upon filing suit against Mr. Palone. Accepting this date, Plaintiff's § 1983 claim was timely filed in November 2014.[5]

Alternatively, Plaintiff contends the § 1983 claim is timely under the "relation back" provision of Fed. R. Civ. P. 15(c)(1)(A) because she commenced an action against GEO by filing the First Amended Petition in June 2013, within two years after Mr. Dorrough's death.

## A. Statute of Limitations

### 1. Standard of Decision

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'[I]f the allegations [of a complaint] show that relief is barred by the applicable statutes of limitations, the complaint is subject to dismissal for failure to state a claim.'" *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1096-97 (10th Cir. 2009) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)). "[A]ny party claiming the benefit of equitable tolling of a limitations period . . . [bears] the burden of proving justifiable circumstances." *Olson v. Fed. Mine Safety & Health Review Comm'n*, 381 F.3d 1007, 1014 (10th Cir. 2004); *see Aldrich v. McCulloch Prop., Inc.*, 627 F.2d 1036, 1044 n.4 (10th Cir. 1980).[6]

_____

[5] This timeliness issue, and other issues raised by GEO, are also presented in a case that was later filed against individual employees of GEO. *See Dorrough v. Corey*, No. CIV-15-143-D, Compl. (W.D. Okla. Feb. 6, 2015). A ruling on the defendants' motion in that case is issued contemporaneously with this Order.

[6] Plaintiff asserts the § 1983 claim is timely either due to delayed accrual under a federal discovery doctrine or tolling of the limitations period under a state law discovery doctrine. *See Alexander*, 382 F.3d
(continued...)

## 2.  Accrual of Plaintiff's § 1983 Claim

Plaintiff invokes a federal discovery rule for the accrual of her § 1983 claim. Plaintiff particularly relies on the Tenth Circuit's statement of the applicable legal principles in *Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004):

> In general, under the federal discovery rule, claims accrue and "[t]he statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994). In particular, "[a] civil rights action accrues when facts that would support a cause of action are or should be apparent." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) (internal quotations omitted).

The Tenth Circuit has also stated: "Since the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated. This requires the court to identify the constitutional violation and locate it in time." *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998) (internal quotations and citations omitted). Plaintiff's § 1983 claim is based on an alleged violation of Mr. Dorrough's Eighth Amendment right to "reasonable safety" from inmate violence. *See Farmer v. Brennan*, 511 U.S. 825, 844 (1994).[7]

---

[6](...continued)
at 1217 ("state law governs the application of tolling in a civil rights action," and Oklahoma law recognizes the discovery rule as a tolling doctrine).

[7] The substantive right enforceable under § 1983 when a constitutional violation results in a person's death is the individual right of the decedent, which must be prosecuted in "a survival action, brought by the estate of the deceased victim, in accord with § 1983's express statement that the liability is 'to the party injured.'" *See Berry v. City of Muskogee*, 900 F.2d 1489, 1504-05, 1506-07 (10th Cir. 1990) (quoting 42 U.S.C. § 1983).

*Alexander* involved civil rights claims brought in 2003 by survivors, and descendants of survivors, of race riots that occurred in the Greenwood area of Tulsa, Oklahoma, in 1921. The plaintiffs in *Alexander* argued their claims were timely brought within two years after a state commission issued an investigative report in 2001 that revealed facts regarding the culpability and involvement of local government officials. Similarly, Plaintiff relies on the date she gained access to the IA Report detailing the alleged culpability of GEO and its employees in the death of Mr. Dorrough, to establish the date of accrual of a § 1983 claim.

First, the Court finds that Plaintiff has failed to allege a sufficient factual basis to show that a § 1983 claim accrued under the federal discovery rule in February 2013, rather than on the date of Mr. Dorrough's death.[8] No facts regarding Plaintiff's lack of access to or receipt of the IA Report are stated in her pleading.[9] Plaintiff's only allegations regarding the IA Report are that it revealed two employees of GEO made false statements during the investigation and they could be charged with second degree manslaughter, and it concluded that numerous policies and regulations were violated. *See* Second Am. Pet. [Doc. No. 37], ¶¶ 123-24. Plaintiff also does not allege what, if any, effort she made to investigate the

---

[8]   The Tenth Circuit generally "determine[s] the accrual date for [a plaintiff's] § 1983 claim by looking to the accrual date for the common-law tort most analogous to her § 1983 claim." *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1215 (10th Cir. 2014). A negligence claim based on a business owner's failure to provide adequate security and prevent the assault and battery of a decedent accrues on the date of the decedent's injury. *See Kimberly v. DeWitt*, 606 P.2d 612, 615 (Okla. Civ. App. 1980).

[9]   The cover page of the IA Report describes the highly confidential nature of the document, and this description can properly be considered under Rule 12(b)(6) because the document was attached to the Second Amended Petition. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) ("In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference.") (citations omitted). However, Plaintiff does not allege the circumstances regarding her knowledge and receipt of the IA Report.

circumstances of Mr. Dorrough's death or the underlying facts of the § 1983 claim against GEO before receiving the IA Report.

Second, the Court finds that the factual arguments in Plaintiff's briefs regarding the receipt of the IA Report, if supported by the allegations of her pleading, would not support a finding that Plaintiff could not reasonably have discovered the factual basis of a § 1983 claim against GEO until February 2013. In *Alexander*, the Tenth Circuit rejected the plaintiffs' argument that despite the obvious injury they suffered and the knowledge of its cause, their "causes of action lay dormant until issuance of the Report because, until that time, they did not know the level of culpability or responsibility of the City and State." *Alexander*, 382 F.3d at 1215-16. The court reasoned that "a plaintiff need not have conclusive evidence of the cause of an injury in order to trigger the statute of limitations" and, instead, the question is "whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm." *Id*. at 1216. This is so because "a plaintiff must use reasonable diligence in seeking to discover facts giving rise to a claim for relief." *Id*.

Here, as in *Alexander*, the Court concludes that Plaintiff's § 1983 "injuries and the general cause of those injuries were obvious in the aftermath of [Mr. Dorrough's death]. To start the running of the statute of limitations, [Tenth Circuit] case law requires nothing more." *Id*. The personal injuries and death of Mr. Dorrough and their general cause were obvious upon learning he had been killed by a cell mate while confined in administrative

segregation. It appears from Plaintiff's pleading that she knew sufficient facts regarding the circumstances of Mr. Dorrough's death to put a reasonable person on notice that wrongful conduct by GEO or its employees may have caused the harm.[10] Plaintiff's failure to learn the full details until she read the IA Report does not support the application of the discovery rule. Plaintiff has not presented a sufficient basis to show she was prevented from learning of GEO's alleged wrongful conduct until February 2013.[11]

Therefore, the Court finds the § 1983 claim asserted in the Second Amended Petition would be time barred unless the alternative basis for timeliness asserted by Plaintiff – the relation-back doctrine – applies.

## B.  Relation Back of Amended Pleading

Plaintiff asserts the § 1983 claim was timely filed because the Second Amended Petition relates back to the date that she commenced an action against GEO by filing the First Amended Petition on June 18, 2013.

### 1.  Standard of Decision

Plaintiff relies on a provision of Fed. R. Civ. P. 15(c)(1) regarding the relation back of amended pleadings that provides: "An amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations

---

[10]  Plaintiff does not argue in this case the same factual allegations concerning a lack of access to information regarding Mr. Dorrough's death and various efforts to obtain information, that are presented in the related case against individual employees of GEO.  *See supra* note 5.

[11]  Accordingly, Plaintiff has also failed to establish a basis to toll the running of the two-year limitations period under Oklahoma law.  *See Alexander*, 382 F.3d at 1217.

allows relation back." Oklahoma has an identical statutory provision and another one, like Rule 15(c)(1)(B), providing that an amendment relates back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." *See* Okla. Stat. tit. 12, § 2015(C)(1)-(2).

Because the statute and federal rule are "virtually identical," the Oklahoma Supreme Court "rel[ies] on federal authority for guidance" and "ha[s] adopted the construction placed upon it by the federal courts." *See Pan v. Bane*, 141 P.3d 555, 558-59 (Okla. 2006). The court has endorsed "[t]he general philosophy of modern pleading rules . . . that they should give fair notice of the claim and be subject to liberal amendment, be liberally construed so as to do substantial justice, and decisions should be made on the merits rather than on technical niceties." *Id*. at 559 (citing 5 Wright & Miller, Federal Practice and Procedure: Civil 3d §§ 1202, 1215-1226). The Oklahoma Supreme Court has stated that the relation back doctrine

> is remedial and promotes the general purpose of the federal rules by "providing the opportunity for a claim to be tried on its merits . . . when the policy behind the statute of limitations has been addressed." 3 Moore's Federal Practice, § 15.19[3][a] (3d ed. at 15-84). The rationale of the doctrine is that where the party to be added has received timely and fair notice of the institution of the original action and the facts upon which it is based, he has received all the notice and protection required by the statute of limitations which exists to protect defendants from prejudice that may result from having to defend against stale claims.

*Id*. Oklahoma follows the "transactional approach" under which "the events underlying a party's claim delineate the parameters of the cause of action." *See Parker v. Elam*, 829 P.2d

677, 681 (Okla. 1992). "This approach ensures that litigants may assert different theories of liability without violating the purpose of the statute of limitations." *Id*.

### 2.  Application to Plaintiff's Pleadings

Plaintiff's original pleading against GEO was the First Amended Petition [Doc. No. 13-1, pp.23-39 (ECF numbering)], which asserted that negligent conduct of GEO and its employees caused Mr. Dorrough's injuries and death at the hands of Mr. Palone.[12]  Based on the same factual allegations stated in the First Amended Petition and additional allegations regarding the specific circumstances surrounding Mr. Dorrough's death, Plaintiff asserted in the Second Amended Petition as the Fifth Claim for Relief, a § 1983 claim that GEO's policies, and the conduct of its employees pursuant to GEO's policies, violated Mr. Dorrough's Eighth Amendment right to be protected from Mr. Palone's violence, causing his injuries and death.  *See* Second Am. Pet. [Doc. No. 37], ¶¶ 67-70.  Plaintiff argues, and GEO does not disagree, that both of these pleadings assert claims arising out of the same conduct or occurrence.

GEO contends, however, that the relation back doctrine cannot save Plaintiff's untimely § 1983 claim because the First Amended Petition was, in effect, a legal nullity. GEO's position is that Plaintiff's tort claims were barred by her noncompliance with the GTCA and thus her pleading was ineffective to commence an action to which a § 1983 claim could later be added.  As authority for its position, GEO relies on Oklahoma law regarding

---

[12] The state court pleadings are also attached to the Notice of Removal, including the First Amended Petition [Doc. No. 1-8].

jurisdictional preconditions to suit under the GTCA (discussed *infra*) and federal case law holding that a time-barred amendment cannot be saved by relation back to a complaint that was time barred when it was filed. *See Shultz v. Ottawa Cty. Sheriff's Dep't*, No. 07-CV-570-GKF-PJC, 2008 WL 2510124 (N.D. Okla. June 19, 2008) (citing *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005); *Henderson v. Bolanda*, 253 F.3d 928, 931-32 (7th Cir. 2001)).[13]

The Court is not persuaded by this argument. The district court in *Shultz* adopted a position taken by the Seventh Circuit, which has held that relation back is not available under Rule 15(c)(1)(B) (formerly Rule 15(c)(2)) if the original complaint was filed after the expiration of the statute of limitations applicable to the claims originally asserted. In those cases, the courts concluded that where a plaintiff originally asserts only state law tort claims for which the limitations period is one year and fails to file suit within the one-year period, an amended complaint that adds or substitutes a § 1983 claim for the state law claims does not relate back to the date of the original filing, even though the original complaint was filed within the two-year period applicable to the § 1983 claim. According to the Seventh Circuit, whose reasoning was adopted in *Shultz*, "even though [the plaintiff's] § 1983 claim arises from the same incident as her tort claims, and even though her original complaint was filed within two years of that incident, her § 1983 was time-barred because the tort claims were

---

[13] District Judge Gregory K. Frizzell adopted this same ruling in related cases involving the same allegations of sexual misconduct by a jailer in the Ottawa County Jail. *See Pease v. Ottawa Cty. Sheriff's Dep't*, No. 07-CV-571-GKF-PJC, 2008 WL 2510126, *4 (N.D. Okla. June 19, 2008); *Martin v. Ottawa Cty. Sheriff's Dep't*, No. 07-CV-564-GKF-PJC, 2008 WL 2444501, *4 (N.D. Okla. June 13, 2008).

not timely filed." *Williams*, 399 F.3d at 870. The district court in *Shultz* did not consider Rule 15(a)(1)(A) or Oklahoma law regarding the relation back doctrine.[14]

The Court has not found any Oklahoma precedent for the rule adopted as a federal law principle in *Shultz*. Legal research leads the Court to conclude that the Oklahoma Supreme Court would not adopt the rule stated in *Shultz* under the pleadings and circumstances of this case.[15] Under the transactional approach endorsed by the Oklahoma Supreme Court: "Only a single cause of action can be predicated on the same set of facts, but different remedies and theories of liability may be pressed in support of each claim alleged." *Fleet v. Sanguine, Ltd.*, 854 P.2d 892, 901 (Okla. 1993) (footnotes omitted); *accord Allen v. Lynn Hickey Dodge, Inc.*, 39 P.3d 781, 788, n.21 (Okla. 2001)). In a footnote accompanying the quoted excerpt from *Fleet*, the supreme court cited a well-established principle of Oklahoma law: "When a claim for damages arises from one occurrence or transaction, it affords the plaintiff but a single cause of action." *Fleet*, 853 P.2d at 901 n.48 (citing cases).

Here, the First Amended Petition states a theory of GEO's state tort liability for Mr. Dorrough's death based on the negligence of its employees and GEO's own negligent policies and operational practices. Based on the same and additional, more specific factual

---

[14] The Seventh Circuit considered the applicable state law in *Henderson*, later followed in *Williams*, and concluded: "Under Illinois law, relation back is allowed only when two requirements are met: (1) the original complaint was timely filed, and (2) the amended complaint grew out of the same transaction or occurrence set forth in the original pleading." *Henderson*, 253 F.3d at 933.

[15] "When the federal courts are called upon to interpret state law, the federal court must look to the rulings of the highest state court, and, if no such rulings exist, must endeavor to predict how that high court would rule." *Stickley v. State Farm Mut. Auto. Ins. Co.*, 505 F.3d 1070, 1077 (10th Cir. 2007) (internal quotation omitted).

allegations presented in the Second Amended Petition, Plaintiff states a theory of GEO's § 1983 liability for Mr. Dorrough's death based on its employees' deliberate indifference to his safety and GEO's policies and procedures exhibiting deliberate indifference to institutional risks.[16] Adopting a rule of Oklahoma law like the federal one in *Shultz* would, in effect, prevent Plaintiff from altering her legal theory of recovery for the same alleged damages even though GEO "received timely and fair notice of the institution of the original action and the facts upon which it is based" and "received all the notice and protection required by the statute of limitations." *See Pan*, 141 P.3d at 559. Under the circumstances presented in this case, the Court finds that Oklahoma law would permit relation back of the Second Amended Petition.

## C. Conclusion Regarding § 1983 Claim

For these reasons, Plaintiff's § 1983 claim relates back to the date of filing the First Amended Petition, and is not time barred. Therefore, GEO is not entitled to dismissal of the § 1983 claim for failure to state a claim upon which relief can be granted.

## II. Plaintiff's State Constitutional Claims

By the Second Amended Petition, Plaintiff sued GEO for its employees' alleged violations of Mr. Dorrough's right under Article 2, Section 9 of the Oklahoma Constitution to be free from cruel and unusual punishment, by causing a use of excessive force against

---

[16] The greater specificity in Plaintiff's factual allegations may reflect the federal pleading standard adopted in *Twombly* and *Iqbal*, under which a plaintiff asserting a § 1983 claim must "make clear exactly who is alleged to have done what to whom." *See Robbins v. Oklahoma*, 519 F. 3d 1242, 1249-50 (10th Cir. 2008) (emphasis omitted).

Mr. Dorrough (Sixth Claim for Relief) and by deliberate indifference to his serious medical needs (Seventh Claim for Relief). *See* Second Am. Pet. [Doc. No. 37], ¶¶ 137-38, 146-48, 151-55. GEO asserts, among other things, that these claims are time barred by the one-year statute of limitations applicable to civil actions by inmates, Okla. Stat. tit. 12, § 95(A)(11). GEO argues that Plaintiff's constitutional claims accrued on February 21, 2012, and were time barred before they were added to the case in November 2014. Of course, if the claims accrued at the time of Mr. Dorrough's death in February 2012 and the one-year period of § 95(A)(11) applies, the claims were time barred before GEO was sued in June 2013, and the relation back doctrine could not save them. Plaintiff contends § 95(A)(11) is inapplicable to her claims.

**A.      Statute of Limitations**

Oklahoma's general statute of limitations provides, in pertinent part, as follows:

> A.      Civil actions other than recovery of real property can only be brought within the following period, after the cause of action shall have accrued, and not afterwards:
>
> >          *          *          *
>
> 11. All <u>actions filed by an inmate or by a person based upon facts that occurred while the person was an inmate</u> in the custody of one of the following:
>
> >          a.  the State of Oklahoma,
>
> >          b.  a contractor of the State of Oklahoma, or
>
> >          c.  a political subdivision of the State of Oklahoma,

to include, but not be limited to, the revocation of earned credits and claims for injury to the rights of another, shall be commenced within one (1) year after the cause of action shall have accrued . . . .

Okla. Stat. tit. 12, § 95(A) (emphasis added). Under Plaintiff's reading of the statute, § 95(A)(11) does not apply because this action was not filed by an inmate or "a person based on facts that occurred while the person was an inmate." She argues that the suit concerns an occurrence while Mr. Dorrough was an inmate but he is not the person filing suit.

**B.      Nature of Plaintiff's Constitutional Claims**

Plaintiff's argument fails to take into account the nature of the claims asserted. The constitutional claims seek to recover for alleged violations of Mr. Dorrough's individual rights; they are brought on behalf of his estate to recover damages for injuries personal to him. Under Oklahoma law, like federal law, "'constitutional rights are personal and may not be asserted vicariously.'" *Webb v. Wiley*, 600 P.2d 317, 319 (Okla. 1979) (quoting *Broadrick v. Oklahoma*, 43 U.S. 601 (1973)). Thus, a party generally lacks standing to assert another person's constitutional rights. *See id*. Where the law authorizes a civil action to be brought for another person, such as a parent suing on behalf of a minor child, "the [parent] steps into [the child's] shoes for all purposes." *See Gens v. Casady Sch.*, 177 P.3d 565, 571 & n.28 (Okla. 2008). In this case, Plaintiff is acting as the personal representative of Mr. Dorrough's estate to bring constitutional claims on his behalf, and steps into his shoes for all purposes in asserting a violation of his constitutional rights.

## C. Applicable Statute of Limitations

Legal research reveals that § 95(A)(11) has largely been applied in cases where the plaintiff was an inmate or a former inmate, as argued by Plaintiff. However, in one unpublished decision, a federal district court recently applied the statute to *Bosh* claims brought by a guardian of a former inmate who suffered serious injuries due to a lack of medical treatment while he was detained in a county jail. *See Dubois v. Bd. of Cty. Comm'rs*, Case No. 12-CV-677-JED-PJC, 2016 WL 1091099, *12 (N.D. Okla. March 21, 2016). In that case, like this one, a representative of a former inmate was bringing suit on his behalf.

The Court finds that a common sense reading of the statute encompasses actions filed "by a person [here, a decedent's estate] based upon facts that occurred while the person [the decedent] was an inmate in the custody" of the State of Oklahoma.[17] Further, the Court is persuaded that a constitutional claim brought by a decedent's estate under *Bosh* is a survival action subject to the same statute of limitations that would have been binding on the decedent if he had lived. *See*, *e.g.*, *Kimberly v. DeWitt*, 606 P.2d 612, 615-16 (Okla. Civ. App. 1980). Plaintiff, as the personal representative of Mr. Dorrough's estate asserting his constitutional rights, cannot escape the statute of limitations that would otherwise apply to his claims. The

---

[17] Under Oklahoma law, "the primary goal of statutory interpretation is to ascertain and follow the Legislature's intention. '[T]he plain meaning of a statute's language is conclusive except in the rare case when literal construction produces a result demonstrably at odds with legislative intent.'" *Duncan v. Okla. Dep't of Corr.*, 95 P.3d 1076, 1079 (Okla. 2004) (citations omitted; quoting *Samman v. Multiple Injury Trust Fund*, 33 P.3d 302, 307 (Okla. 2001)); *see also Ledbetter v. Howard*, 276 P.3d 1031, 1035 (Okla. 2012).

Court therefore finds that § 95(A)(11) provides the applicable statute of limitations for Plaintiff's state constitutional claims.

**D.  Conclusion Regarding Plaintiff's State Constitutional Claims**

For these reasons, the Court finds that the state constitutional claims asserted by Plaintiff are time barred by operation of § 95(A)(11).

### III.  Plaintiff's State Law Tort Claims

GEO moves to dismiss Plaintiff's negligence and wrongful death claims due to Plaintiff's alleged noncompliance with the notice and timeliness provisions of the GTCA. Unlike other aspects of GEO's Motion, the request for dismissal due to Plaintiff's failure to satisfy prerequisites to suit under the GTCA are jurisdictional matters, as mandated by Oklahoma substantive law.  *See*, *e.g.*, *Hall v. GEO Group, Inc.*, 324 P.3d 399, 400-01 (Okla. 2014) ("The notice required by the GTCA is a mandatory prerequisite jurisdictional requirement to filing a claim for tort damages.") (footnote omitted).  In support of the Motion, GEO presents factual matters outside Plaintiff's pleading and so raises a factual attack on jurisdiction.  *See E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1303 (10th Cir. 2001) (factual attacks "go beyond the allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends") (internal quotation omitted).  GEO contends Plaintiff failed to comply with the GTCA because a letter sent by Plaintiff's counsel to GEO in March 2012 provided insufficient notice of a tort claim and, if it was sufficient, Plaintiff failed to bring an action within the time period for filing suit.

17

## A.     Standard of Decision

This aspect of Defendant's Motion is governed by Rule 12(b)(1).   Under this rule, where "the movant goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends . . . , the court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence." *Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Continental Carbon Co*., 428 F.3d 1285, 1292 (10th Cir. 2005); *see Holt v. United States*, 46 F. 3d 1000, 1002-03 (10th Cir. 1995).   A court may consider such evidence without converting the motion to one for summary judgment under Rule 56, unless "the jurisdictional question is intertwined with the merits of the case." *Holt*, 46 F. 3d at 1003; *see Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000); *see also Los Alamos Study Group v. United States Dep't of Energy*, 692 F.3d 1057, 1063-64 (10the Cir. 1012).   The issues are considered to be intertwined for this purpose where "resolution of the jurisdictional question requires resolution of an aspect of the substantive claim." *Pringle*, 208 F.3d at 1223; *see Sizova v.  Nat'l Inst. Standards & Tech*., 282 F.3d 1320, 1324 (10th Cir. 2002).

In this case, GEO's allegations of noncompliance with the procedural requirements of GTCA do not implicate the merits of Plaintiff's underlying claims.   Therefore, GEO's Motion may properly be decided under Rule 12(b)(1), and need not be converted to one under Rule 56.

**B.    Preconditions to Plaintiff's Negligence Action**

The GTCA's jurisdictional preconditions to filing a civil action include giving timely written notice of a claim to the governmental entity that is alleged to be liable for the loss, and bringing suit in a timely manner following a denial of the claim.  *See* Okla. Stat. tit. 51, §§ 156-57.  A separate statute incorporates the GTCA's requirements for claims against employees or agents of DOC, private correctional companies, and county or city jails.  As pertinent here, the statute provides:

> No tort  action  or civil claim  may be filed  against  any employee, agent, or servant  of  the  state,  the  Department  of  Corrections,  private  correctional company, or any  county jail or any city jail alleging acts related to the duties of  the  employee,  agent  or  servant,  until  all  of  the  notice  provisions  of  the Governmental Tort Claims Act have been fully complied with by the claimant. <u>This requirement shall apply to any claim against an employee of the state, the Department of Corrections, or any county jail or city jail in either their official or  Individual  capacity,  and  to  any  claim  against  a  private  correctional contractor and its employees for actions taken pursuant to or in connection with a governmental contract</u>.

Okla. Stat. tit. 57, § 566.4(B)(2) (emphasis added).

Despite  the  broad  language  of  this  provision,  Plaintiff  asserts  that  its  application should be limited to tort actions by prison inmates or jail detainees, not their survivors or estates.  She notes the Oklahoma Supreme Court expressly held in *Hall v. GEO Group, Inc.*, 324 F.3d 399, 400 (Okla. 2014), that § 566.4(B)(2) requires compliance with the GTCA's notice provisions "for a prisoner, or former prisoner, to bring a tort action against a private correctional facility."  Plaintiff points out that § 566.4 appears in a title of the Oklahoma Statutes regarding prisons and was enacted as part of legislation regarding inmate lawsuits.

Plaintiff also argues that § 566.4(B)(2) applies to lawsuits against employees of DOC, county jails, or private prisons, but not to suits only against private contractors like GEO.[18]

The Court is not persuaded by Plaintiff's strained interpretation of the statute. Although the issues raised by Plaintiff's arguments have not been decided by the Oklahoma Supreme Court, the statute is clear and does not contain the limitations that Plaintiff wishes to impose. Like the statute of limitation applicable to Plaintiff's constitutional claims, a common sense reading of § 566.4(B) does not limit its application only to lawsuits brought by inmates or former inmates. Unlike other parts of the statute, subsection (B)(2) does not contain such an express limitation but, instead, requires compliance with the GTCA's notice provisions "by the claimant."[19] Further, although § 566.4 appears in a part of the Oklahoma Statutes that generally concerns inmate litigation, the statute by its terms applies to persons other than inmates. For example, § 566.4(B)(1) bars contract law claims and expressly provides: "No policy or internal management procedure issued for the management of the prison or jail shall constitute any contractual relationship or obligation between the state,

_____

[18] Alternatively, Plaintiff argues that if the statute applies to suits against private companies, it is an unconstitutional special law that violates Article 5, Section 51 of the Oklahoma Constitution. However, this argument is foreclosed by *Hall*, where the Oklahoma Supreme Court rejected a similar argument, stating: "[B]y extending the notice provisions of the GTCA to private prisons, the Legislature has ensured equal treatment between plaintiffs who are or were confined in state owned prisons with those who are or were confined in private prisons as well as any other plaintiff who has a tort claim against a governmental entity." *Hall*, 324 P.3d at 404-05.

[19] Other subsections expressly state categories of persons to which they apply: "a prisoner or former prisoner," § 566.4(A),(G); "a plaintiff who is currently incarcerated," § 566.4(C); "prisoner . . . [or] person on parole or probation," § 566.4(E); or "a plaintiff who is currently incarcerated," § 566.4(F). Also, like § 566.4(B)(2) regarding tort actions and civil claims, § 566.4(L) regarding appeals does not limit its application to suits by prisoners or former prisoners.

agency, board, commission, prison, jail, or any of its officers, members, servants or employees, and the prisoner <u>or any visitor to the prison or jail</u>." Okla. Stat. tit. 57, § 566.4(B)(1) (emphasis added). The reach of the statute plainly extends beyond the inmates themselves.

The Court further finds that, as with constitutional claims brought on behalf of Mr. Dorrough's estate, the personal representative of the estate steps into Mr. Dorrough's shoes for the purpose of bringing a tort claim for his personal injuries. Plaintiff cannot avoid compliance with GTCA's notice provisions in prosecuting an individual tort claim of Mr. Dorrough that survived his death. Regarding a wrongful death action, the GTCA specifically requires compliance with its provisions before filing suit, but it allows a personal representative of the decedent's estate either to provide the required notice within one year after the death occurs or to rely on a previous notice given by the decedent if the notice "would have been sufficient had he lived." *See* Okla. Stat. tit. 51, § 156(F). Thus, the notice provisions plainly apply when a tort results in the injured person's death.

The language of § 566.4(B)(2) also does not permit its application to be limited to actions against employees of correctional facilities or jails. Notably, regarding employees of governmental entities, the requirement to comply with the notice provisions of the GTCA "shall apply to any claim against an employee . . . in either their official or individual capacity." Okla. Stat. tit. 57, § 566.4(B)(2). It is well settled that "[a] suit against a governmental officer in his or her 'official capacity' is the same as a suit against the entity

that the officer represents, and is an attempt to impose liability upon that entity." *See*

*Pellegrino v. State ex rel. Cameron University*, 63 P. 3d 535, 537 (Okla. 2003); *see also*

*Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (official-capacity suit is simply "another

way of pleading an action against an entity of which an officer is an agent") (internal

quotation omitted); *Martinez v. Beggs*, 563 F.3d 1082, 1091 (10th Cir. 2009) (same).

Because § 566.4(B)(2) expressly applies to official-capacity claims against state or municipal

employees, it applies to actions against their governmental employers. Similarly,

§ 566.4(B)(2) states that the requirement to comply with the notice provisions of the GTCA

"shall apply . . . to any claim against a private correctional contractor and its employees for

actions taken pursuant to or in connection with a governmental contract." Plaintiff's

argument that this means only a claim against both the contractor and its employee jointly

is not persuasive.

Therefore, the Court finds that Plaintiff was required to comply with the notice

provisions of the GTCA before filing a negligence action against GEO.

**C.     Plaintiff's Alleged Compliance with the Notice Requirement**

Finally, Plaintiff alternatively asserts that an attorney's March 2012 letter to GEO

sufficiently satisfied the requirement of compliance with the notice provisions of the GTCA,

and § 566.4(B)(2) required nothing more. Plaintiff argues that by simply stating claimants

must comply with GTCA's "notice provisions," § 566.4(B)(2) does not also incorporate

GTCA's jurisdictional limitations on timely filing of lawsuits.

By letter dated March 30, 2012, a regional vice-president of GEO and the warden of the prison were notified by an attorney that his law firm had been hired to represent the Estate of Matthew Dorrough and that a lawsuit would be filed in the near future. The letter stated, in pertinent part, as follows:

> This letter is to place the facility on notice of our intent to file a civil suit to recover money damages for the wrongful death of Mr. Dorrough. Also, to request that all evidence surrounding the imprisonment, death and investigation of this matter be preserved for future discovery purposes.
>
> If this letter is not sufficient notice or if other steps are required in order preserve the evidence, from this incident, please let me know immediately, in writing.

Def.'s Mot. Dismiss, Ex. 4 [Doc. No. 13-1], p.56. GEO made no written response to the letter, and received no other correspondence from Plaintiff before the lawsuit was filed. Plaintiff provided no written notice of a claim to DOC or any other entity.

The GTCA requires written notice of a claim to "state the date, time, place and circumstances of the claim, the identity of the state agency or agencies involved, the amount of compensation or other relief demanded, the name, address and telephone number of the claimant, the name, address and telephone number of any agent authorized to settle the claim, and any and all other information required to meet the reporting requirements of [a federal law]." *See* Okla. Stat. tit. 51, § 156(E). The March 2012 letter of Plaintiff's attorney clearly did not provide this information. Plaintiff argues, however, that the letter provided valid notice because GEO never requested additional information. She relies on a subsequent provision of § 156(E) that states: "Failure to state either the date, time, place and

circumstances and amount of compensation demanded, or any information requested to comply with the reporting [of] claims [under federal law] shall not invalidate the notice unless the claimant declines or refuses to furnish such information after demand by the state or political subdivision." *Id*.

The Court is not convinced. A notice stating an intention to file a lawsuit and requesting the preservation of evidence is not the same as giving notice of a claim for relief against the recipient. The letter did not state an intention to sue GEO or to hold GEO liable for Mr. Dorrough's death. It did not ask GEO to do anything other than preserve relevant evidence. It did not make any demand against GEO that might have triggered a request for additional information or details of the claim. Consistent with the letter, Plaintiff later filed suit against Mr. Palone only.

Further, the Court is unconvinced that the requirement of § 566.4(B)(2) – that a claimant must "fully compl[y]" with "all of the notice provisions of the Governmental Tort Claims Act" – can reasonably be read to mandate only that the claimant comply with a part of the GTCA that requires written notice of a claim. The statute requiring written notice addresses the manner and means of presenting a claim for relief, including a timeliness requirement. *See* Okla. Stat. tit. 57, § 156. Also, the notice provisions of the GTCA require the entity against which a claim is asserted to give notice of the approval or denial of a claim, and authorize a claimant to proceed directly to court if such notice is not timely given. *See id*. § 157. In short, Plaintiff presents no legal basis, and the Court has found none, that would

support Plaintiff's view that full compliance with the "notice provisions" of the GTCA within the meaning of § 566.4(B)(2), requires nothing more than sending the sort of general pre-litigation letter that Plaintiff's attorney sent GEO and permits disregarding all other provisions of the GTCA.

**D.      Conclusion Regarding Plaintiff's Tort Claims**

Therefore, Plaintiff's state law tort claims against GEO are barred by operation of the GTCA and Plaintiff's noncompliance with jurisdictional prerequisites to suit.

## Conclusion

For these reasons, the Court finds that Plaintiff's state constitutional claims are time barred and all other state law claims are barred by the GTCA. Thus, GEO is entitled to the dismissal of all state law claims. The case shall proceed on Plaintiff's wrongful death claim against Mr. Palone and the § 1983 claim against GEO brought on behalf of Mr. Dorrough's estate.

IT IS THEREFORE ORDERED that Defendant The GEO Group, Inc.'s Motion to Dismiss Plaintiff's Second Amended Petition [Doc. No. 13-4] is GRANTED in part and DENIED in part, as set forth herein.

IT IS SO ORDERED this 12th day of July, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE