# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VICKI DORROUGH, individually, and as Special Administrator of the ESTATE OF MATTHEW DORROUGH, Deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-14-1389-D |
| THE GEO GROUP, INC., a Florida Corporiation, d/b/a LAWTON CORRECTIONAL FACILITY, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## **O R D E R**

This matter comes before the Court on cross-motions filed by Plaintiff [Doc. No. 45] and Defendant GEO Group, Inc. ("GEO") [Doc. No. 50] regarding GEO's failure to file a responsive pleading within 14 days after the Court ruled on its motion to dismiss, as required by Fed. R. Civ. P. 12(a)(4)(A). Plaintiff requests the entry of a default judgment under Fed. R. Civ. P. 55(b)(2); GEO moves to file its answer out of time pursuant to Fed. R. Civ. P. 6(b)(1)(B). The parties disagree whether GEO has demonstrated the requisite "excusable neglect" under Rule 6 and controlling case law. *See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995).[1]

---

[1] The parties also argue about whether GEO has shown "good cause" for vacating an entry of default under Rule 55(c). No default has been entered, however, so this provision is inapplicable.

The Court finds no need for great discussion of why GEO should be permitted to file its answer after the time limit set by Rule 12(a)(4). The court of appeals has summarized the standard of decision as follows:

> The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. Relevant factors include the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. Fault in the delay remains a very important factor – perhaps the most important single factor – in determining whether neglect is excusable. An additional consideration is whether the moving party's underlying claim [or defense] is meritorious.
>
> A court may take into account whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay), and whether the attorney attempted to correct his action promptly after discovering the mistake. A mistake could occur in any attorney's office, no matter how well run.

*Jennings v. Rivers*, 394 F.3d 850, 856-57 (10th Cir. 2005) (internal quotations, citations and footnote omitted).

GEO has vigorously defended this case throughout its already lengthy procedural history, which need not be recounted here. The litigation proceeded in state court for almost two years before removal to federal court, and it has been pending in federal court for more than another year. During that time, GEO filed multiple motions for dismissal, and the parties filed extensive briefs regarding GEO's defenses. The Court decided the most recent motion on July 12, 2016 (granting it in part and denying it in part), and promptly set the case on the next available scheduling conference docket. The conference was held on August 30,

2

2016. In the interim, GEO filed a motion to take an interlocutory appeal, and Plaintiff moved to consolidate this case with a second case against GEO's employees concerning the same wrongful death. GEO's counsel can barely be faulted for overlooking the fact that an answer had never been filed. Plaintiff will not be prejudiced if GEO is permitted to file its answer. Under the circumstances, the Court easily finds that GEO should be authorized to answer Plaintiff's current pleading.[2]

IT IS THEREFORE ORDERED that Plaintiff's Application for Default Judgment [Doc. No. 45] is DENIED and Defendant GEO Group Inc.'s Motion for Leave to File Answer Allegedly Out of Time [Doc. No. 50] is GRANTED. The Court directs Defendant GEO Group, Inc. to answer Plaintiff's Second Amended Petition within three business days from the date of this Order.

IT IS SO ORDERED this 21st day of September, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] Ironically, even now, there is some question whether the case has proceeded beyond the pleading stage. With Plaintiff's motion for consolidation, she requests leave to further amend her pleading, and GEO opposes this request. These issues will be addressed by a separate order.