IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VICKI DORROUGH, individually, )<br>and as Special Administrator of the )<br>ESTATE OF MATTHEW DORROUGH, )<br>Deceased, )<br>)<br>       Plaintiff, )<br>)<br>vs. )<br>)<br>THE GEO GROUP, INC., a Florida )<br>Corporation, d/b/a LAWTON )<br>CORRECTIONAL FACILITY, *et al.*, )<br>)<br>       Defendants. )<br>_____) | Case No. CIV-14-1389-D |

*Proposed for Consolidation With*:

| | |
|---|---|
| VICKI DORROUGH, as special administrator )<br>of the ESTATE OF MATTHEW DORROUGH, )<br>Deceased, )<br>)<br>       Plaintiff, )<br>)<br>vs. )<br>)<br>DANIEL COREY, *et al.*, )<br>)<br>       Defendants. )<br>_____) | Case No. CIV-15-143-D |

# **ORDER**

Before the Court for consideration is Plaintiff's Motion to Consolidate and Amend [Doc. No. 47], filed only in Case No. CIV-14-1389-D ("*Dorrough I*") but requesting consolidation pursuant to Fed. R. Civ. P. 42(a) with the related case of *Dorrough v. Corey*,

Case No. CIV-15-143-D ("*Dorrough II*"). Plaintiff also moves pursuant to Fed. R. Civ. P. 15(a)(2) to file a proposed Third Amended Complaint that would add allegations to her existing pleading in *Dorrough I* that now appear only in her complaint in *Dorrough II*. Defendant GEO Group, Inc. (GEO) has filed separate responses to the Motion, one agreeing consolidation is appropriate [Doc. No. 57] and a second opposing amendment of Plaintiff's pleading [Doc. No. 58]. At the Court's direction, the defendants in *Dorrough II* have responded to the Motion to Consolidate, and like GEO, they agree consolidation is appropriate.

A.  **Consolidation of Plaintiff's Two Cases Under Rule 42(a)**

All defendants agree the related cases should be consolidated, but they qualify their responses by stating consolidation should be for the purpose of discovery only. Both GEO and the individual defendants say it is premature to decide at this point whether the cases should be consolidated for trial, and reserve the right to move for separate trials of the two cases under Rule 42(b). Both argue that the standards for § 1983 liability differ between the individual defendants and GEO, which is subject only to municipal liability, and the different nature of the two actions may warrant their bifurcation for trial.

Rule 42(a)(2) vests in the district court discretionary authority to consolidate actions that involve a common question of law or fact. *See Gillette Motor Transp. v. Northern Okla. Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950) (recognizing "broad discretion vested in the trial court in ordering consolidation of cases"). The commonality requirement is clearly met under the circumstances presented, where Plaintiff asserts in two separate cases that the

constitutional rights of the decedent were violated by the defendants' failure to protect him from physical attack by another inmate. Both cases present for decision the question of whether unconstitutional conduct by prison officials caused Matthew Dorrough's death; GEO can be held liable (in *Dorrough I*) only if one or more of its employees (the defendants in *Dorrough II*) violated Mr. Dorrough's constitutional rights. Accordingly, the Court easily finds that consolidation of the two cases is appropriate. The defendants' concerns about potential prejudice from a joint trial can best be evaluated after it is determined through discovery and dispositive motions what claims remain for trial.

In keeping with the Court's customary practice, the consolidation of the cases will result in a direction that the Clerk administratively close the higher-numbered case and that the parties make all future filings only in the lower-numbered case. This practice is a matter of administrative convenience so there is no need for the Clerk to maintain two files and the parties (or the Court) to make duplicate filings. It does not prejudice the right of a defendant to assert any defense or raise any issue in the consolidated action that was available to that defendant in the separate case. Should it later appear that separate trials are warranted, bifurcation will be ordered, and the higher-numbered case can be reopened.

**B.     Amendment of Plaintiff's Pleading Under Rule 15(a)(2)**

Plaintiff seeks to add factual allegations to her Second Amended Petition [Doc. No. 37] in *Dorrough I* – a case filed in state court and removed to federal court by GEO – relating to the timeliness of her action under 42 U.S.C. § 1983. These allegations have already been made in the Complaint in *Dorrough II*, and the amendment would further align

Plaintiff's pleadings in the two cases. GEO opposes the proposed amendment on grounds of futility and prejudice. GEO asserts that Plaintiff ignores the Court's prior ruling on GEO's motion to dismiss her § 1983 claim as time barred, and seeks to reopen an issue that has already been decided adversely to Plaintiff.

Rule 15(a)(2) directs district courts to "freely give leave [to amend] when justice so requires." The Tenth Circuit has stated regarding this provision: "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). Accordingly, an amendment of pleadings should be permitted unless a sufficient reason exists to deny leave to amend. *Id.*; *see Foman v. Davis*, 371 U.S. 178, 182 (1962). "'Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

GEO's futility argument is based on the Court's ruling in the Order of July 12, 2016, that Plaintiff's § 1983 claim in *Dorrough I* accrued when she had sufficient facts to put her on inquiry notice of the factual basis of the claim. GEO contends Plaintiff previously argued in her briefs the same facts that she now proposes to add to her pleading – allegations also asserted in *Dorrough II* to delay the accrual of § 1983 claims against individual employees

4

of GEO – and the Court necessarily deemed these additional allegations to be ineffectual to preserve her claim. Plaintiff obviously disagrees with GEO's reading of the July 12 Order.

Upon consideration, the Court finds that GEO overstates the holding of the July 12 Order, and that the effect of Plaintiff's allegations in *Dorrough II* on the timeliness issues raised in this case can best be assessed by an orderly presentation and briefing of the issues under the applicable legal standards. In their current briefs, the parties make only general arguments, without citation of legal authorities, regarding the accrual of Plaintiff's claim against GEO.[1] The Court is unwilling to determine on these briefs that Plaintiff's requested amendment would be futile.

Similarly, the Court rejects GEO's claim of prejudice. GEO argues that Plaintiff is "attempt[ing] to unbuckle the Court's ruling on the accrual of her Section 1983 claim" and additional motion practice regarding the same issue will simply cause GEO "to expend unnecessary time and resources for no substantive purpose." *See* GEO's Resp. Mot. Amend [Doc. No. 58], p.9. This is simply a reiteration of GEO's futility argument, and is not persuasive to the Court.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Consolidate and Amend [Doc. No. 47] is GRANTED. The above-styled cases are consolidated for all purposes, without prejudice to a later motion by any party for separate trials. Plaintiff shall file her

---

[1] GEO alternatively relies on materials outside Plaintiff's pleading that were previously presented in reply briefs. *See* GEO's Resp. Mot. Amend [Doc. No. 58], p.8. The Court previously ruled that these materials would not be considered in a ruling under Rule 12(b)(6). See Order 6/25/15 [Doc. No. 35].

proposed Third Amended Complaint against Defendants GEO Group, Inc. and Joseph Palone within 7 days from the date of this Order.

IT IS FURTHER ORDERED that Plaintiff's actions shall proceed as a single case under Case No. CIV-14-1389-D and all future filings shall occur only in Case No. CIV-14-1389-D, unless otherwise ordered. The Clerk shall administratively close Case No. CIV-15-143-D without prejudice to a future reopening, if appropriate.

IT IS SO ORDERED this 3rd day of January, 2017.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE